UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs. <br><br> v. <br><br> SD DESIGN CONSTRUCTION GROUP, et al., <br><br> Defendants. | Case No. 25-cv-08531-JCS <br><br> **CASE MANAGEMENT AND PRETRIAL ORDER (NONJURY)** |

Following the Case Management Conference held on April 8, 2026, IT IS HEREBY ORDERED THAT:

The Court adopts the Joint Case Management Statement, except as modified by this Order.

The last day to seek leave to amend pleadings is **June 1, 2026.**  No new parties may be added without leave of Court.

A further Case Management Conference is set for **August 19, 2026**, **at 2:00 p.m.**, before Magistrate Judge Spero, in Courtroom D, 15th Floor, U.S. District Court, 450 Golden Gate, San Francisco, California.  An updated Joint Case Management Conference Statement is due **August 12, 2026**.

IT IS FURTHER ORDERED THAT:

I.      **TRIAL DATE**

A.      The Trial Date will be set at a later date.

B.      The length of the trial will be not more than 2 days.

II.     **DISCOVERY**

A.      Plaintiff and Defendant are limited to   depositions each before the next case management conference.

Revised 5-9-18

B.      All non-expert discovery shall be completed by   August 21, 2026.

C.      All expert disclosures required by the Federal Rules of Civil Procedure shall be made by   August 21, 2026, by the party that bears burden of proof on a claim or defense.  Expert rebuttal disclosures by the party that does not bear the burden of proof on an issue shall be made by   **September 25, 2026**.

D.      All discovery from experts shall be completed by **November 1, 2026**.

E.      In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s) in an effort to resolve these matters.  After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice.  The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc.  Within five (5) business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court, not to exceed five (5) pages without leave of Court.  This Joint Letter shall include a description of every issue in dispute and, with respect to each such issue, a detailed summary of each party's final substantive position and their final proposed compromise on each issue.  Upon receipt of the Joint Letter the Court will determine what future proceedings are necessary.

### III.    MOTIONS

Each party may file one *Daubert* motion, addressing any number of expert witnesses, to be heard at the same time as dispositive motions.  All dispositive motions and Daubert Motions shall be heard on **January 20, 2027**, **at 9:30 a.m.**  Any reply papers on such motions shall be served and filed no later than **four (4) weeks** prior to the scheduled hearing date.  The parties shall meet and confer and file a stipulation and proposed order as to the remainder of the briefing schedule.

No party may file more than one (1) summary judgment motion without leave of Court.

### IV.    ALTERNATIVE DISPUTE RESOLUTION

By agreement of the parties, this matter has been referred to the Court's Alternative Dispute Resolution program for Court Sponsored Mediation to occur within the next 120 days. The parties shall promptly notify the Court whether the case is resolved.

### V.    SETTLEMENT CONFERENCE

United States District Court
Northern District of California

A Settlement Conference shall be scheduled before another magistrate judge of this court. Counsel will be contacted by that judge's chambers with a date and time for the conference, or as soon thereafter as is convenient to the judge's calendar.

## VI.     PRETRIAL CONFERENCE

The Final Pretrial Conference will be set at a later date.

## VII.     TRIAL PROCEDURES

A.     Counsel shall *not* prepare a Joint Pretrial Conference Statement.  Instead, thirty (30) calendar days in advance of the Final Pretrial Conference, please do the following:

1. In lieu of preparing a Joint Pretrial Conference Statement, the parties shall meet and confer in person, prepare and file a jointly signed, Proposed Final Pretrial Order that contains: (a) a brief description of the substance of claims and defenses which remain to be decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a list of all factual issues that remain to be tried and organized by counts; (e) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (f) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition) providing, for all such witnesses other than an individual plaintiff and an individual defendant, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer.  If non-cumulative testimony is not spelled out, the Court will presume the witness is cumulative.  For each witness, state an hour/minute time estimate for the direct examination (only).  Items (e) and (f) should be appendices to the proposed order.  Witnesses and exhibits not previously included in a party's Witness List and Exhibit List filed before the jury trial in this matter may **not** be included in that party's Witness List and Exhibit List for this bench trial.  The objective is to convert the proposed order to a final order with the benefit of any discussion at the Final Pretrial Conference.

3

United States District Court
Northern District of California

2.  File each side's proposed Findings of Fact and Conclusions of Law;

3.  File each side's Trial Brief;

4.  Any motions in limine shall be submitted as follows: at least thirty (30) calendar days before the conference, the moving party shall serve, but not file, the opening brief.  The responding party shall serve the opposition, ensuring that it is delivered to the moving party no later than noon Pacific Time at least twenty (20) calendar days before the conference.  There will be no reply.  When the oppositions are received, the moving party should collate the motion and the opposition together, back-to-back, and then file the paired sets at least twenty (20) calendar days before the conference.  Each motion should be presented in a separate memorandum and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ."  Please limit motions in limine to circumstances that really need a ruling in advance.  Usually five or fewer motions per side is sufficient.  Each motion should address a single, separate topic, and contain no more than seven pages of briefing per side.  Leave of Court will be required for more or longer motions.

B.    Not less than ten (10) days before the Pretrial Conference, counsel and/or the parties shall file and serve any objections to exhibits.

C.    Exhibits and witnesses not included in the proposed Joint Pretrial Order pursuant to Paragraph VIII.A.1. above may not be used in a party's case-in-chief and may not be used during cross examination of the other side's case- in-chief (other than for impeachment).   Defense witnesses are considered case-in-chief witnesses, not "rebuttal" witnesses.  Objections to exhibits not raised pursuant to Paragraph VIII.A.2 are waived.

D.    Two (2) Chambers' copies of all of the aforementioned documents shall be hand-delivered to Chambers at the time of filing.  The Joint Proposed Final Pretrial Order and Proposed Findings of Fact and Conclusions of Law shall be submitted via e-mail as attachments, in MSWord, to Judge Spero's Law Clerk Melissa_Dawson@cand.uscourts.gov , and to Judge Spero's Courtroom Deputy JCSCRD@cand.uscourts.gov.  Hard copies must be provided as well.  All hard-copy submissions should be three-hole punched.

United States District Court
Northern District of California

E.     At the Final Pretrial Conference, the above submissions shall be considered and argued.

## PRETRIAL ARRANGEMENTS

F.     Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with  Melinda Lock, Supervisor of the Court Reporting Services, at (415) 522-2079, or Melinda_Lock@cand.uscourts.gov,  at least fourteen (14) calendar days prior to the trial date.

G.     During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models, or specimens of devices.  Equipment should be shared by all counsel to the maximum extent possible.  The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse.  For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times.  The parties shall tape extension cords to the carpet for safety.  The parties may work with the deputy clerk, Karen Hom (415-522-2035), on all courtroom-layout issues.

## SCHEDULING

H.     Trial will be conducted from 8:30 a.m. to 2:30 p.m. (or slightly longer to finish a witness) with one fifteen-minute break and one forty-five (45) minute lunch break, Monday through Thursday, excluding holidays.  Counsel must arrive by 8:15 a.m., or earlier as needed for any matters to be heard before the evidence begins.

## OPENING STATEMENTS

I.     If openings are permitted, each side will have a predetermined time limit for its opening statement (usually no more than 45 minutes per side). Counsel should meet and confer to exchange any visuals, graphics or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions.

## WITNESSES

J.     At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the

5

United States District Court
Northern District of California

same witness on cross-examination (other than for impeachment).  The first notice shall be exchanged prior to the first day of trial.  All such notice should be provided in writing.

K.    The parties shall have all upcoming witnesses on the same day available in the courthouse and ready to testify.  Failure to have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting.  If counsel plans to read in a transcript of a deposition, counsel must have a deposition prepared and vetted early on to read into the record.

L.    When there are multiple parties, counsel are responsible for coordination of the cross-examination to avoid duplication.

M.    On the first day of trial, counsel shall bring the original and clean copies of any deposition(s) intended to be used during the course of the trial.  Any corrections must be readily available.  If counsel need to use the deposition during a witness examination, they shall provide the Court with a copy with any corrections at the outset of the examination.

N.    In lieu of direct testimony, the Court will consider receiving "prepared direct" testimony in the form of declarations.  When the witness is presented, the proponent must verbally summarize the direct.  Live cross-examination and redirect shall then occur.

### EXPERTS

O.    At trial, direct testimony of experts will be limited to the matters disclosed in their reports.  Omitted material may not ordinarily be added on direct examination.  Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the expert report, with the exception of simple drawings and tabulations that plainly illustrate the content of the report, which can be drawn by the witness at trial or otherwise shown to the Court.  If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or re-direct examination.  By written stipulation, all parties may relax these requirements.  The Court will not permit Federal Rule of Evidence 703 to be used to admit otherwise inadmissible evidence through the expert (i.e., through the "back door").

P.    As to damages studies, the cut-off date for past damages will be as of the expert report (or such earlier date as the expert may select).  In addition, the experts may try to project future damages (i.e., after the cut-off date) if the substantive standards for future damages can be

met. With timely leave of Court or by written stipulation, the experts may update their reports (with supplemental reports) to a date closer to the time of trial.

**USE OF DEPOSITIONS TO IMPEACH AND SHORT READ-INS**

Q.     Depositions can be used at trial to impeach a witness testifying at trial or, in the case of a party deponent, "for any purpose." The parties shall abide by the following procedure:

1. Opposing counsel should have their copy immediately available.

2. When counsel reads a passage into the record, counsel should seek permission from the Court. For example, counsel should state: "I wish to read in page 210, lines 1 to 10 from the witness' deposition." A brief pause will be allowed for any objection.

3. The first time a deposition is read, counsel shall state the deponent's name, the date of the deposition, the name of the lawyer asking the question, and if it as a Federal Rule of Civil Procedure 30(b)(6) deposition.

4. When reading in the passage, counsel shall state "question" and then read the question exactly, followed by, "answer" and then read the answer exactly. Stating "question" and "answer" is necessary so the court reporter can follow who was talking at the deposition. Once the passage is on the record, move on. Opposing counsel may then immediately ask to read such additional testimony as is necessary to complete the context.

5. To avoid mischaracterizing the record, counsel should not ask, "Didn't you say XYZ in your deposition?" It is unnecessary to ask a witness if he "recalls" the testimony or otherwise to lay a foundation.

6. Subject to Federal Rule of Evidence 403, party depositions may be read into the record whether or not they contradict (and regardless of who the witness is on the stand). For example, a short party deposition excerpt may be used as foundation for questions for a different witness on the stand.

**DEPOSITION DESIGNATION**

R.     The following procedure applies only to witnesses who appear by deposition. It does not apply to live witnesses whose depositions are read into the record while they are on the

7

stand.  No testimony may be designated that could reasonably have been designated before the jury trial in this case.

1.    To designate deposition testimony, counsel shall photocopy the cover page, the page where the witness is sworn, and then each page containing any testimony to be proffered, with lines through portions of such pages not proffered.  In addition, counsel shall line through objections or colloquy unless they are needed to understand the question.  Any corrections must be interlineated and references to exhibit numbers must conform to the trial numbers.  Such interlineations should be done by hand.  The finished packet should then be the actual script and should smoothly present the identification and swearing of the witness and testimony desired.  The packet must be provided to all other parties at least twenty (20) calendar days before the Pretrial Conference.  For the rare case of voluminous designations, more lead time will be required.  Counsel are advised to be reasonable.

2.    All other parties must promptly review the packet and highlight in yellow any passages objected to and write in the margin the legal basis for the objections. If a completeness objection is made, the objecting party must insert into the packet the additional passages as needed to cure the completeness objection. A completeness objection generally should be made only if a few extra lines will cure the problem.  Such additions shall be highlighted in blue and an explanation for the inclusion shall be legibly handwritten in the margin. Counsel must line out or x-out any irrelevant portions of the additional pages.

3.    The packets, as adjusted, must then be returned to the proffering party, for consideration of whether to accept the adjustments.  The parties shall meet and confer.  Counsel for the proffering party must collate and assemble a final packet that covers the proffer and all remaining issues.  At least ten (10) calendar days before the Pretrial Conference, the proponent must provide the Court with the final packet, with any objected-to portions highlighted and annotated as described above.  If exhibits are needed to resolve the objections,

United States District Court
Northern District of California

8

counsel should include copies, and highlight and tag the relevant passages. The Court will then read the packet and indicate its rulings in the margin in a distinctive manner. Ordinarily, argument will not be needed.

4. Counter-designations must be made by providing a packet with the counter-designated passages to the proponent at the same time any objections to the original proffer are returned to the first proffering party, who must then supply its objections in the same manner.

5. When the packet is read in court, the examiner shall read the questions (and any relevant colloquy) from the lectern while a colleague sits in the witness stand and reads the answers. While reading the deposition the reader and "witness" shall refrain from undue emoting, emphasis or other dramatization. The same procedure shall be followed when a video deposition is to be played instead, in order to facilitate rulings on objections. The video should omit any dead time, long pauses, and objections/colloquy not necessary to understand the answers.

## REQUESTS FOR ADMISSIONS AND INTERROGATORIES

S.    Please designate responses to requests for admissions and interrogatory answers in the same manner and under the same timetable as deposition designations.

## EXHIBITS

T.    Prior to the final pretrial conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

U.    Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once, just as it should have been marked only once in discovery pursuant to this Court's discovery guidelines). If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be

United States District Court
Northern District of California

9

marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit." If an exhibit number differs from that used in a deposition transcript, then the latter transcript must be conformed to the new trial number, if and when the deposition testimony is used (so as to avoid confusion over exhibit numbers). There should be no competing versions of the same exhibit number; any discrepancies must be brought to the Court's attention promptly.

V.    Exhibits must be labeled in the lower right-hand corner with the exhibit number in a prominent, **bold typeface.** If an exhibit is a photograph, the tag should be placed on the back. Example:  **Trial Exhibit No._____.** The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels should indicate the numbers of the exhibits that are in the binders. Each set of exhibit binders should be marked as "Original". Deposit two sets of exhibits (judge's copy, law clerk's copy) with the deputy clerk ten (10) days before the Pretrial Conference.

W.    Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

X.    In addition to the official record exhibits, a single, joint set of bench binders containing a copy of the exhibits must be provided to the Court ten (10) days before the Pretrial Conference and should be marked as "Chambers Copies". Each exhibit must be separated with a label divider identifying the exhibit number. (An exhibit tag is unnecessary for the bench set.) Spine labels should indicate the numbers of the exhibits in the binders.

Y.    Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order. Counsel may, but are not required to, jointly provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description (e.g., letter from A. B. Case to D. E. Frank, dated August 17, 1999).

Z.    The parties should discuss with Judge Spero and the deputy clerk how they will handle showing exhibits to witnesses, including whether witness binders are necessary.

10

United States District Court
Northern District of California

AA.    At the close of evidence, before closing arguments, the parties must confer with the deputy clerk to make sure the exhibits in evidence are in good order. At that time, the parties shall also agree upon an exhibit list of admitted exhibits with neutral descriptions.

BB.    Upon the conclusion of the trial, and unless otherwise ordered by the Court, exhibits offered during trial shall be filed on the docket within ten (10) days of a decision has issued pursuant to Civil L.R. 5-1(g).  Each party shall retain a full set of exhibits through the appellate process.

## OBJECTIONS

CC.    Counsel shall stand when making objections and shall not make speeches.  Simply give the legal basis for your objection (e.g., "calls for speculation" or "objection, hearsay").

DD.    There can only be one lawyer per witness per party for all purposes, including objections.  Only one lawyer will be permitted to make the opening statement and closing argument unless the Court has given prior approval to more than one lawyer doing so.

## TIME LIMITS

EE.    Ordinarily, the Court shall set fixed time limits at the final pretrial conference.  All of your examination time (whether direct, cross, re-direct or re-cross) for all witnesses and side bar conference time must fit within your time limit and you may allocate it as you wish.  Opening and closing time limits shall be considered separately.

IT IS SO ORDERED.

Dated: April 8, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge